UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOLLY POTTS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DOLLAR TREE STORES, INC., )<br>)<br>Defendant. ) | No. 3:11-cv-01180<br>Chief Judge Haynes |

**MEMORANDUM**

Plaintiff, Holly Potts,[1] filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206, against the Defendant, Dollar Tree Stores, Inc. Plaintiff seeks declaratory judgment and damages for her claims of harassment and discrimination based upon Plaintiff's race as well as a hostile work environment and retaliation. The Defendant filed an answer denying Plaintiff's claims. After entry of the Initial Case Management Order, the parties proceeded with discovery.

Before the Court is Defendant's motion to compel discovery (Docket Entry No. 34), contending, in sum, that the Defendant made good faith efforts to confer with opposing counsel to resolve their discovery disputes without success. In response, Plaintiff contends that she has produced all discoverable materials and complied with her discovery obligations under Fed. R. Civ. P. 34. (Docket Entry No. 40). Plaintiff objects to Defendant's requested access to Plaintiff's

---

[1] Plaintiff's former co-Plaintiff, Joseph Trowery, also filed an action against Defendant alleging discrimination, but voluntarily dismissed his claims against Defendant on March 11, 2013. (Docket Entry No. 36).

1

Facebook page and physical production of Plaintiff's computer. Id.

### A. Analysis of the Motion

Defendant served its first set of interrogatories and first requests for production of documents on Plaintiff on April 30, 2012. (Docket Entry No. 32 at 1). Plaintiff responded to Defendant's discovery requests on September 21, 2012, but failed to produce promised documents. Id. At Plaintiff February 7, 2013 deposition, Plaintiff testified that she and her counsel possessed several other documents that they did not produce for Defendant. Id. at 2.

Defendant seeks the Court to compel the production of the following:

- Any relevant documents maintained on any computer in Plaintiff's possession or control including those documents and/or emails stored in any online email account, such as Plaintiff's Yahoo! or AOL accounts;

- Any computers or digital storage devices used by either Plaintiff during and after her employment with Defendant;

- Emails that pertain in way to this lawsuit;

- Documents, photographs, or other information concerning Dollar Tree stores or Plaintiff's claims;

- Any non-privileged communications or documents exchanged between Plaintiff and Trowery;

- Facebook and/or other social media data;

- Plaintiff's complete tax returns and all attachments thereto from 2007 to the present; and

- Plaintiff's application and other materials submitted to the Social Security Administration in connection with her claim for disability benefits.

Id. at 5.

Plaintiff asserts that she has produced the following items since the Defendant filed the

motion to compel:

- Plaintiff's day planner;

- 8 - 10 pages of documentation concerning "write-ups" and "store visits" from Plaintiff's employment at the Dollar Tree Store;

- All saved or exchanged emails between Plaintiff, Trowery and/or any other representatives of Dollar Tree, or involving anything relevant to Plaintiff's claim in Plaintiff's possession, including the email containing a draft of Plaintiff's statement to the EEOC in support of Trowery.

(Docket Entry No. 40 at 2). Plaintiff also responds that "[c]ontrary to what she stated in her deposition, Plaintiff no longer possesses any of the photographs taken of Dollar Tree stores, and based off Plaintiff's statements, Plaintiff's counsel understands these photographs merely depicted the (lack of) cleanliness in a Dollar Tree store and would have not been relevant in any way to her claims or Defendant's defenses in this case." Id.

As to Defendant's request for physical production of Plaintiff's computer, Plaintiff asserts that this request is unduly burdensome because Plaintiff produced the relevant information on her computer. Id. at 2-3. Plaintiff also contends that Defendant is not entitled to full access to Plaintiff's Facebook pages. Id. at 3. Plaintiff cites other court's holdings that the discovery of Facebook is allowed only where "the defendant makes a threshold showing that publicly available information on [Facebook] undermines the Plaintiff's claims." Id. citing Thompson v. Autoliv ASP, Inc., 2012 WL 2342928, *4 (D. Nev. June 20, 2012). Plaintiff argues that the Defendant fails to make this requisite threshold showing because the contents of Plaintiff's public Facebook page do not contain any information that undermines her claim against the Defendant. (Docket Entry No. 40 at 5).

3

## B. Conclusions of Law

Fed. R. Civ. P. 26 provides, in relevant part:

Unless otherwise limited by court order, the scope of discovery is as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The relevancy standard for discovery has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issues that is or may be in the case." Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351 (1978). A party may seek any information that is not privileged and is relevant to his claims or defenses. Fed. R. Civ. P. 26(b)(1). For discovery purposes, relevant means information that is probative on a party's claim or defense and information that the Court determines could "lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Yet, "[t]h[e] desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir.2007) (quoting Scales v. J.C. Bradford, 925 F.2d 901, 906 (6th Cir.1991)).

The Sixth Circuit has not yet ruled on the scope of discovery of private Facebook pages, but other courts hold that:

[M]aterial posted on a 'private Facebook page, that is accessible to a selected group of recipients but not available for viewing by the general public, is generally not privileged, nor is it protected by common law or civil law notions of privacy.

4

> Nevertheless, the Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view. Rather, consistent with Rule 26(b) . . . [and decisional law] . . . there must be a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence. Otherwise, the Defendant would be allowed to engaged in the proverbial fishing expedition, in the hope that there **might** be something of relevance in Plaintiff's Facebook account.

Thompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012); see also McCann v. Harleysville Ins. Co. of N.Y., 78 A.D.3d 1524, 1525 (N.Y. App. Div. 2010) (holding that Defendant failed to establish a factual predicate with respect to the relevancy of the evidence on the Facebook page and that Defendant essentially sought permission to conduct a fishing expedition). The Defendant lacks any evidentiary showing that Plaintiff's public Facebook profile contains information that will reasonably lead to the discovery of admissible evidence. Plaintiff produced her day planner, documentation of "write-ups" and "store visits," emails between Plaintiff, Trowery and other employees at Dollar Tree, as well as all relevant information stored on her computer. Plaintiff asserts that she no longer has possesses any photographs of the Dollar Tree store. Thus, the Court concludes that Defendant has not made the requisite showing for full access to Plaintiff's private Facebook or other social media pages.

As to the physical production of Plaintiff's computer, the Court concludes that information stored on the computer could lead reasonably lead to the discovery of admissible evidence. Yet, the parties shall agree to a word search of Plaintiff's computer by an agreed neutral party to assess whether Plaintiff's computer contains relevant information.

The Court concludes that the Defendant is entitled to discover the following as these documents could lead to the discovery of admissible evidence:

- Plaintiff's complete tax returns and all attachments thereto for the time period

of the discovery sought; and

— Plaintiff's application and other materials submitted to the Social Security Administration in connection with her claim for disability benefits.

Defendant also seeks reasonable attorneys' fees incurred in preparing the motion to compel. There is "a presumption . . . that the responding party must bear the expense of complying with discovery requests." <u>Oppenheimer</u>, 437 U.S. at 358. Yet, Fed. R. Civ. P. 26(b)(2) allows the Court to relieve any undue burden on the responding party. Given that Plaintiff had justifiable reasons for her discovery objections, the Court concludes that Defendant is not entitled to attorneys' fees for its motion to compel.

An appropriate Order is filed herewith.

**ENTERED** this the 20th day of March, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court